IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SUANNE N. YOUNG, pro per,, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CONSTANCE H. LAU, and/or her ) <br> successor, individually, and ) <br> in her official capacity as ) <br> Chairman/CEO of AMERICAN ) <br> SAVINGS BANK, F.S.B., an ens ) <br> legis being used to conceal ) <br> fraud; et al., ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL NO. 11-00110 LEK-KSC |

**ORDER DENYING PLAINTIFF SUANNE YOUNG'S
APPLICATION FOR TEMPORARY RESTRAINING
<u>ORDER AND APPLICATION FOR TEMPORARY INJUNCTION</u>**

Before the Court is Plaintiff Suanne Young's ("Plaintiff") Application for Temporary Restraining Order and Application for Temporary Injunction ("Motion"), filed on February 18, 2011. Plaintiff is proceeding pro se and has not filed a complaint. It does not appear that Plaintiff served a copy of the Motion on any of the Defendants.[1] The Court finds

---

[1]The Motion names the following directors and employees of American Savings Bank, F.S.B., in their individual and official capacities: Constance Lau (Chairman/CEO), Alvin Sakamoto (Executive Vice President/CFO), Natalie Taniguchi (Executive Vice President/Enterprise Risk and Reg. Relations), Terence Yeh (Executive Vice President/CCO), and Mark Ioane (Assist. VP/Res. Loan Services); the Motion also names Robert Ehrhorn, Jr., in his individual and official capacity as attorney at the law firm Clay Chapman Iwamura Pulice & Nervell (collectively "Defendants").

this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai'i ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Plaintiff's Motion appears to be nothing more than a collection of pleadings previously filed in Hawai'i state court matters. It appears that Plaintiff first filed the Motion in the District Court of the Third Circuit, North and South Kona Division, State of Hawai'i, S.P. NO. 35510-1-141K.[2] Attached as Exhibit 1 to the Motion is an Order Denying Petition for Ex-Parte Temporary Restraining Order and For Injunction Against Harassment, signed by Judge Joseph P. Florendo and dated August 18, 2010. Attached as Exhibit 2 is a Complaint for Summary Possession filed by American Savings Bank, F.S.B., against Plaintiff in the District Court of the Third Circuit on January 24, 2011, Civil No. 3RC 11-1-034K ("Third Circuit Complaint"). The Third Circuit Complaint seeks ejectment of Plaintiff from a residence at 77-6326 Mamalahoe Highway,

---

[2] The caption includes a file stamp from the State of Hawai'i District Court of the Third Circuit, dated August 18, 2010. It appears that Plaintiff crossed out the state court's name and the state court civil case number in the caption and inserted "U.S. District Court."

Holualoa, Hawai'i 96725.

It appears from the pleadings attached to Plaintiff's Motion that Plaintiff is currently living as a month-to-month tenant in a home that is owned by American Savings Bank, acquired at a foreclosure sale on August 20, 2010. [Exh. 2.] Counsel for American Savings Bank sent Plaintiff a letter dated December 6, 2010 informing her that: American Savings Bank obtained title to the property and had instructed its counsel to "take all steps necessary to clear this property"; Plaintiff may be allowed up to ninety days to vacate; and that, if no response is received within seven days, counsel will continue with the eviction process. [Id.]

Plaintiff's Motion includes none of these facts relating to her tenancy and ejectment. Instead, it appears to allege that various individual employees of American Savings Bank and its counsel – the law firm Clay Champman Iwamura Pulice & Nervell – "have committed felonious acts, including without limitation, those to be considered as 'acts of terrorism' and 'acts of war against the United States.'" [Motion ¶ 26.] Plaintiff further alleges:

> 27. Defendants' criminal and terrorist acts have deprived Hawaii in numerous ways. The radical drop in property values caused by Defendants' criminal acts have caused Hawaii to go broke due to the extreme decline in revenues from property taxes and the increase [sic] need for 'homeless' and other services, which itself is an act of war against the State.

3

> 28. Defendants have used their corporations as a 'a terrorist cell' just as certain radical religious groups as 'a terrorist cell' [sic] to cause this country, State and the people great financial harm. In fact, Defendants' acts of terrorism have caused greater financial harm to this country than any other terrorist group in American history.
>
> . . . .
>
> 31. It is now incumbent on this Honorable Court and all officers of this Court to sequester Defendants' attorneys until such a time as this Court can determine [sic] Defendants' attorneys have been completely forthright and open with this Court about Defendants' future terroristic objectives.

[Id. at ¶¶ 27-28, 31.] Plaintiff also claims that Defendants attempted to "steal her property" and are "in default of the Deed of Trust/Adjustable Rate Note by keeping Suanne N. Young's monthly payments, and after over ??? payments[.]" [Id. at ¶¶ 38-39 (emphasis omitted).]

In terms of relief, Plaintiff asks the Court to restrain Defendants from selling, assigning, transferring or conveying the real property. [Id. at 8.]

## DISCUSSION

Plaintiff is appearing pro se; consequently, this Court will liberally construe her pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). Even construing Plaintiff's

4

filing liberally, the Court cannot understand Plaintiff's claims. Although unclear, it appears that Plaintiff intended her filing to be both a complaint and a motion for temporary restraining order ("motion for TRO"). Regardless of how the Court construes the filing, however, the Court cannot provide Plaintiff relief based on this pleading. The Court therefore provides the following explanation as to why Plaintiff's filing is deficient and how Plaintiff may refile two documents (*i.e.*, an amended complaint and renewed motion for TRO) to correct these deficiencies.

Plaintiff must file two separate documents – a complaint and a motion for TRO. A complaint is the first document Plaintiff must file – it commences Plaintiff's action against Defendants. The complaint must explain Plaintiff's claims against each of the Defendants – *i.e.*, it must explain what each Defendant did (or failed to do) and how those specific facts create a plausible claim for relief. See Fed. R. Civ. P. 8. In comparison, a motion for TRO is filed with or after a complaint and seeks immediate relief to prevent irreparable harm, pending final disposition of Plaintiff's claims against Defendants. A motion for TRO must explain why Plaintiff is likely to succeed on her claims against Defendants and why she will be irreparably harmed without injunctive relief. See Fed. R. Civ. P. 65.

Plaintiff's filing is deficient on its face, and the Court cannot provide the relief Plaintiff seeks at this time. Further, even if the Court were to alternatively construe Plaintiff's filing as a complaint or a motion for TRO, Plaintiff's filing does not include the necessary components for either. The Court next explains why Plaintiff's filing is deficient and how Plaintiff may refile an amended complaint and renewed motion for TRO to correct these deficiencies.

### **REQUIREMENTS FOR COMPLAINT**

Federal Rule of Civil Procedure 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In other words, a complaint must give the defendants fair notice of the wrongs they have allegedly committed. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accuasation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). Rather, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Further, where a plaintiff asserts fraud, "a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).

A court may dismiss a complaint for failure to state a claim, see Fed. R. Civ. P. 12(b)(6), and may dismiss a complaint pursuant to Rule 12(b)(6) on its own motion.  See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged).  Additionally, a complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte* before service of process.  Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); see also Fed. R. Civ. P. 12(h)(3); Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) ("[I]t is the

obligation of both district court and counsel to be alert to jurisdictional requirements.").

Although Plaintiff's filing provides some factual allegations, it by and large relies on incomprehensible legal conclusions, including allegations that individual employees of American Savings Bank and Clay Chapman Iwamura Pulice & Nervell engaged in acts of terrorism. Plaintiff's filing fails to provide enough detail to explain the basis for these legal conclusions and precisely what happened between Plaintiff and Defendants. For example, Plaintiff's filing fails to explain precisely who engaged in illegal acts, and what interactions Plaintiff had with Defendants. Without these basic facts, Plaintiff's filing fails to give fair notice to Defendants of the basis of Plaintiff's claims, and fails to state a claim that is plausible on its face.

Further, to the extent Plaintiff seeks to prevent the state court ejectment action from moving forward against her, the Court will not enjoin the state action at this time, and to the extent the Motion asks the Court to interfere with the state proceeding, such claims are dismissed without prejudice.[3]

---

[3] Absent extraordinary circumstances, Younger v. Harris, 401 U.S. 37 (1971), prevents the Court from granting injunctive relief that would interfere with a pending state court proceeding, when that proceeding is (1) ongoing, (2) implicates important state interests and (3) provides the plaintiff an adequate opportunity to litigate her federal claims. Prindable
(continued...)

8

Accordingly, to the extent Plaintiff's filing is a Complaint, the court DISMISSES it, with leave for Plaintiff to file an amended complaint correcting these deficiencies.

If Plaintiff choose to file an amended complaint, it:

(1) must clearly state how each Defendant has injured Plaintiff, or how the Court can provide relief against each Defendant. In other words, Plaintiff should explain, in clear and concise allegations, what each Defendant did (or failed to do) and how those specific facts create a plausible claim for relief in reference to a specific statute or common-law cause of action;

(2) must clearly state the relief sought and how there is basis for a claim in federal court. In other words, Plaintiff must explain the basis of this Court's jurisdiction; and

(3) must (if a claim alleges fraud) state with "particularity the circumstances constituting fraud" as required by Federal Rule of Civil Procedure 9(b) (*e.g.*, what was fraudulent, when it occurred, and how it was fraudulent).

The Court also CAUTIONS Plaintiff that any amended

---

[3](...continued)
v. Assoc. of Apartment Owners of 2987 Kalakaua, 304 F. Supp. 2d 1245, 1262 (D. Hawai'i 2003).

complaint supercedes the prior complaint and must be complete in itself without reference to prior or superceded pleadings.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).  That is, an amended complaint, if any, must stand alone, without reference to prior pleadings or documents in the record.

### **REQUIREMENTS FOR MOTION FOR TRO**

To the extent Plaintiff's filing is a motion for TRO, it is deficient for several reasons.  First, to the extent Plaintiff seeks a TRO, a court may issue a TRO without written or oral notice to the adverse party only if the party requesting the relief provides an affidavit or verified complaint providing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  In addition, the movant or attorney must certify in writing "any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(B).  Plaintiff has not complied with either of these requirements.  As to the first requirement, Plaintiff has not submitted a proper affidavit.  Further, the allegations in Plaintiff's filing do not establish that immediate and irreparable injury will occur – Plaintiff's filing does not explain when the eviction may occur.  As to the second requirement, Plaintiff has not certified in writing any efforts made to put Defendants on notice of the

Motion, nor has she offered any reason as to why notice should not be required.

Moreover, Plaintiff's filing fails to establish why Plaintiff is entitled to relief. "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc., 236 F. Supp. 2d 1152, 1154 (D. Hawai'i 2002). In Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008), the Supreme Court explained that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." So long as all four parts of the Winter test are applied, "a preliminary injunction [may] issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'" Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010) (quoting Clear Channel Outdoor, Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003)).

Plaintiff's filing does not explain beyond conclusory allegations why she is likely to succeed on the merits, why she will likely suffer irreparable harm in the absence of preliminary

relief, why the balance of equities tips in her favor, and why an injunction is in the public interest.

Thus, to the extent Plaintiff's filing is a motion for TRO, it is DENIED. The dismissal of Plaintiff's Motion is WITHOUT PREJUDICE – Plaintiff may attempt to remedy the deficiencies outlined above and file a new motion for temporary restraining order and/or preliminary injunction.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Application for Temporary Restraining Order and Application for Temporary Injunction, filed February 18, 2011, is HEREBY DENIED. Plaintiff may file an amended complaint as set forth herein. Failure to file an amended complaint by March 31, 2011 will result in dismissal of this action. If she so chooses, Plaintiff may also file a renewed motion for temporary restraining order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 22, 2011.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**SUANNE N. YOUNG V. CONSTANCE H. LAU, ET AL; CIVIL NO. 11-00110 LEK-KSC; ORDER DENYING PLAINTIFF SUANNE YOUNG'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND APPLICATION FOR TEMPORARY INJUNCTION**